UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DENNIS GRAY WILLIAMS,

    Plaintiff,

v.                                             Case No. 3:11-cv-43-J-12JRK

BRIAN A. CURRY, INVESTIGATOR
CLAY COUNTY SHERIFF'S OFFICE,

    Defendant.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff is a pretrial detainee incarcerated at the D. Ray James Correctional Facility in Folkston, Georgia. He is proceeding in this action pro se and in forma pauperis. On January 13, 2011, he filed a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint), in which he names Detective Brian A. Curry, a detective with the Clay County Sheriff's Office, as the sole Defendant. Plaintiff raises a malicious prosecution claim, alleging that the "Defendant did not thoroughly investigate by checking driver[']s license, physical description, birth date, and social security number of Plaintiff, all of which are different from the alleged perpetrator of [the] counterfeit cashier's check scheme." Complaint at 7. Plaintiff also contends that Defendant had no probable cause to believe that Plaintiff passed the $4,500.00 counterfeit check on March 17, 2010, because the person to whom he allegedly passed the check, Brandi Michelle Russell, mistakenly identified Plaintiff as the suspect. Additionally, Plaintiff asserts that the Defendant influenced Assistant United States Attorney Arnold B. Corsmeier to seek an indictment against Plaintiff by submitting

investigative materials that contained misstatements and omissions. Plaintiff seeks damages and declaratory judgment, "declaring Defendant violated Plaintiff's due process rights." Id. at 13.

The Prison Litigation Reform Act requires this Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Here, Plaintiff has failed to state a claim upon which relief can be granted at this time because his malicious prosecution claim is premature. In Heck v. Humphrey, 512 U.S. 477, 489 (1994) (footnote and citations omitted), the United States Supreme Court stated that a § 1983 cause of action "attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."

> Further, in order to state a cause of action for malicious prosecution, a plaintiff must allege and prove that the criminal proceeding that gives rise to the action has terminated in favor of the accused. See Kelly v. Serna, 87 F.3d at 1240-41; Heck v. Humphrey, 512 U.S. 477, 484, 114 S.Ct. 2364, 2371, 129 L.Ed.2d 383 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.").

Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir. 1998).

Plaintiff has not alleged that the criminal proceeding has terminated in his favor. In fact, the Court takes judicial notice of the pending criminal case against Plaintiff in this Court in Case No. 3:10-cr-199-J-32MCR. The records in that case reflect that, in count three of the superceding indictment, Plaintiff is charged with knowingly passing a counterfeit check

2

in the amount of $4,500.00 on March 17, 2010. See Case No. 3:10-cr-199-J-32MCR, Indictment (Doc. #19), filed September 15, 2010, at 1-2. Moreover, Plaintiff has filed a pro se motion to suppress Ms. Russell's identification of him, which is still pending in that case. See Case No. 3:10-cr-199-J-32MCR, Motion for Leave to File Hybrid Motion to Suppress Out of Court Identification (Doc. #31), filed January 6, 2011. The record further reflects that the case is set for trial during the February, 2011 trial term before the Honorable Timothy J. Corrigan, United States District Judge. Thus, Plaintiff's malicious prosecution claim is premature. He may not bring such an action unless he is found not guilty of count three of the superceding indictment in Case No. 3:10-cr-199-J-32MCR or, if he is convicted, that count is thereafter overturned on appeal or otherwise invalidated or vacated. Therefore, this case will be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(e)(2)(B) because Plaintiff has failed to state a claim upon which relief may be granted at this time with respect to his malicious prosecution claim.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   This case is hereby **DISMISSED WITHOUT PREJUDICE**.

2.   The Clerk of the Court shall enter judgment dismissing this case without prejudice and close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 26th day of January, 2011.

*Howell W. Melton*
United States District Judge

ps 1/26
c:
Dennis Gray Williams

3